UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARIE NELSON,<br><br>Defendant. | Case No. 22-20530<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER STRIKING REPRESENTED DEFENDANT'S MOTIONS (ECF NOS. 17, 18)**

Before the Court are Defendant Arie Nelson's motions entitled "Motion for Notice of Defendants Assertion of Right to Speedy Trial Non-Consent to Any Further Continuances and Objection to Continuances That Are On Docket" and "Motion for Bond." ECF Nos. 17, 18. Defendant filed these motions himself despite being represented by counsel. *See* ECF No. 10. These motions are therefore stricken.

Federal law permits a criminal defendant to appear "personally or by counsel." 28 U.S.C. § 1654. This is "disjunctive; a party may either represent himself or appear through an attorney." *Hall v. Dorsey*, 534 F. Supp. 507, 508 (E.D. Pa. 1982).

There is no right, constitutional or otherwise, to hybrid representation—the representation at the same time by counsel and pro se. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Therefore, as part of the latitude accorded district courts managing their dockets, courts may bar filings submitted by an individual on their own when the individual is represented by counsel. *See United States v. Agofsky*, 20 F.3d 866. 872 (8th Cir. 1994) (finding no error in the court's refusal to consider pro se motion where defendant was represented by counsel); *United States v. Tracy*, 989 F.2d 1279. 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.").

Further correspondence and filings are similarly barred and will be summarily stricken via Text Only Order, so long as Defendant continues to be represented by counsel.

**IT IS SO ORDERED.**

Dated: July 6, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge